# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVARIUS SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>B M TRATE,<br><br>    Respondent. | Case No. 1:22-cv-00119-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Tavarius Smith is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner contends that he is entitled to immediate release on the grounds that the conditions at the United States Penitentiary in Atwater, California ("USP Atwater") place Petitioner at unconstitutional risk of contracting COVID-19. As Petitioner's claim is not cognizable under 28 U.S.C. § 2241, the undersigned recommends that the petition for writ of habeas corpus be dismissed.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at USP Atwater, serving a 132-month sentence imposed by the United States District Court for the Southern District of Florida. (ECF No. 1 at 1[1]; App. 11.[2]) On September 19, 2013, pursuant to a written plea agreement, Petitioner pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Plea

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "App." refers to the Appendix lodged by Respondent on April 7, 2022. (ECF No. 8-1.) App. page numbers refer to the page numbers stamped at the bottom right corner.

Agreement, United States v. Smith, No. 1:13-cr-20272-JAL-3 (S.D. Fla. Sept. 13, 2013), ECF No. 76.[3] On November 26, 2013, Petitioner was sentenced to a 48-month imprisonment term for bank robbery and a consecutive 84-month imprisonment term for brandishing a firearm. Judgment, Smith, No. 1:13-cr-20272-JAL-3 (S.D. Fla. Nov. 26, 2013), ECF No. 92. Petitioner did not directly appeal. (ECF No. 8 at 2.)

In 2016, Petitioner filed a § 2255 motion in the United States District Court for the Southern District of Florida. Petitioner was appointed counsel in that matter. (App. 18.) The district court denied Petitioner's § 2255 motion based on a procedural bar, but noted that Petitioner's "challenge to his § 924(c) conviction would fail on the merits regardless." (App. 19, 21–28.)

On January 28, 2022, Petitioner filed the instant habeas petition and request for temporary restraining order, challenging his brandishing a firearm conviction and sentence and asserting that he is entitled to immediate release on the grounds that the conditions at USP Atwater place Petitioner at unconstitutional risk of contracting COVID-19. (ECF No. 1.) Respondent filed a motion to dismiss the petition for lack of jurisdiction and failure to exhaust. (ECF No. 8.) In the opposition to the motion to dismiss, Petitioner voluntarily dismissed his claim that he is actually innocent of the enhanced mandatory minimum sentence for brandishing a firearm under § 924(c) because "he agree[s] that § 2255 motion is the proper remedy and he wants to preserve that claim for § 2255 at a later date." (ECF No. 9 at 7.)

## II.

## DISCUSSION

### A. Federal Habeas Corpus Jurisdiction

The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody in violation of the Constitution or laws or treaties of the United States."

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

28 U.S.C. § 2241(c)(3). A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

Here, Petitioner seeks immediate release from custody due to the spread of COVID-19 at USP Atwater. (ECF No. 1 at 1, 9.) Although numerous prisoners have attempted to obtain habeas-based release from confinement since the commencement of the pandemic, the Ninth Circuit has yet to resolve the issue of whether claims that COVID-19 creates unconstitutional conditions of confinement are cognizable in habeas corpus. See Roman v. Wolf, 977 F.3d 935, 941 (9th Cir. 2020) (per curiam) (declining to reach issue of whether a district court on habeas review may order injunctive relief to remedy unconstitutional risk of contracting COVID-19 in detention facility). In the absence of Ninth Circuit authority, multiple district courts within the Ninth Circuit have determined that such claims are not cognizable in habeas despite the remedy being sought is release from confinement. See, e.g., Luna v. Engleman, No. 2:22-cv-02627-JWH (GJS), 2022 WL 1211911, at *3–5 (C.D. Cal. Apr. 25, 2022) (describing claim "based on the BOP's asserted failure to provide adequate social distancing measures, adequate testing, its adherence to a herd immunity policy, and its failure to adhere to mask and vaccine mandates and CDC guidelines" as "a classic conditions-of-confinement claim that does not implicate the fact or duration of Petitioner's confinement"); Ballard v. Trate, No. 1:22-cv-00130-EPG-HC, 2022 WL 1506265 (E.D. Cal. May 12, 2022), report and recommendation adopted, No. 1:22-cv-00130-JLT-EPG-HC, 2022 WL 2672506 (E.D. Cal. July 11, 2022); Castro v. Lepe, No. 1:20-cv-01365-SAB, 2020 WL 8619964 (E.D. Cal. Nov. 5, 2020), report and recommendation adopted, No. 1:20-cv-01365-DAD-SAB, 2021 WL 1516394 (E.D. Cal. Apr. 16, 2021); Carranza v. Koehn, No. 2:20-cv-01586-GMN-DJA, 2020 WL 6119515, at *5 (D. Nev. Oct. 16, 2020) ("Considering the precedent governing the general scope of habeas corpus jurisdiction, the court agrees with defendant that this does not appear to be a habeas case. If Plaintiffs succeed in

showing that the conditions under which they are held violate the Fifth Amendment by putting them in excessive danger from COVID-19, or because they have received inadequate medical care in relation to COVID-19, that will not necessarily mean they must be released from detention."); Wilson v. Ponce, 465 F. Supp. 3d 1037, 1047–49 (C.D. Cal. 2020); Alvarez v. Larose, 445 F. Supp. 3d 861, 866–67 (S.D. Cal. 2020). The Court notes, however, that there are some cases in which district courts have found § 2241 jurisdiction to exist when the petitioners' COVID-19 claims challenge "the fact and duration of their confinement on the basis that no set of conditions of confinement under the present circumstances could be constitutional." Torres v. Milusnic, 472 F. Supp. 3d 713, 726 (C.D. Cal. 2020).

The Court agrees with the weight of authority in this circuit and finds more persuasive the district court cases concluding that habeas jurisdiction is not available for prisoner COVID-19 conditions of confinement cases. Cf. Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241). Based on the foregoing, the undersigned finds that Petitioner's COVID-19 claim is not cognizable under 28 U.S.C. § 2241.[4]

**B. Conversion to Bivens Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). See Fiorito v. Entzel, 829 F. App'x 192, 194 (9th Cir. 2020) (applying Nettles to determine whether district court should have converted § 2241 petition to a Bivens civil rights complaint).

---

[4] In light of this conclusion, the Court need not address Respondent's argument that dismissal is warranted based on Petitioner's failure to exhaust administrative remedies.

The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (*e.g.*, the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388). Due to these differences and the disadvantages that recharacterization may have, the undersigned finds that it would be inappropriate to convert the habeas petition to a Bivens action. The Court notes that the filing fee for civil cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).

### C. Temporary Restraining Order

"A preliminary injunction is an extraordinary remedy never awarded as of right."[5] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 576 U.S. 863, 876 (2015) (internal quotation marks omitted) (quoting Winter, 555 U.S. at 20). "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

As set forth in section II(A), *supra*, this Court does not have jurisdiction over Petitioner's claim pursuant to 28 U.S.C. §2241. Accordingly, Petitioner is not entitled to a temporary restraining order and injunctive relief.

---

[5] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

# III.

# RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 19, 2022**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE